UNITED STATES BANKRUPTCY COURT                    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

                                               Case No. 09-76374-ast

Henry H. Ray,
a/k/a Henry H. Ray, Jr.                                       Chapter 7

                                Debtor.
------------------------------------------------------------X

## DECISION AND ORDER MODIFYING STAY

### Issues Before the Court and Summary of Ruling

Pending before the Court is the Motion for Relief from Stay (the "Motion") filed by

Chase Home Finance, LLC. ("Chase"). [dkt item 9]  The Motion seeks relief from the

automatic stay of Section 362 of the Bankruptcy Code in order for Chase to continue

with a post-foreclosure eviction action against Henry H. Ray, the Debtor ("Mr. Ray" or

the "Debtor") and property located at 170 Burrs Lane, Dix Hills, New York 11746 (the

"Property").  Debtor opposes the Motion and alleges, *inter alia*, that Chase

impermissibly foreclosed against the Property, as the foreclosure was conducted during

the pendency of a prior bankruptcy case he had filed.  For the reasons set forth herein,

this Court concludes that the stay should be modified to allow Chase to complete its

eviction action.

### Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C.

§§157(b)(2)(A), (G) and (O), and 1334(b), and the Standing Order of Reference in effect

in the Eastern District of New York.

**Facts and Background**

**The Bankruptcy Cases**

Prior to filing this case, Mr. Ray had filed three bankruptcy cases in the past two years: 07-75202-dte, 08-71870-ast and 08-74207-ast. Mr. Ray is *pro se* in this case, but was represented by counsel in all of his prior cases. Also, Mr. Ray had filed his prior three cases as Henry H. Ray, Jr.

On December 17, 2007, Mr. Ray filed case no. 07-75202-dte, a chapter 13 case (the "First Case"). The First Case was dismissed on January 29, 2008, based on the Debtor's failure to comply with his mandatory filing requirements. The First Case was closed on March 27, 2008.

On April 16, 2008, Mr. Ray filed his second bankruptcy case, a chapter 7 case, Case No. 08-71870-ast (the "Second Case"). The Second Case was dismissed on June 3, 2008, again based on the Debtor's failure to comply with his mandatory filing requirements. The Second Case was closed on June 4, 2008.

On August 4, 2008, Mr. Ray filed his third bankruptcy case, a chapter 7 case, Case No. 08-74207-ast (the "Third Case"). Mr. Ray received his discharge in the Third Case on January 30, 2009, and the Third Case was closed the same day.

On August 26, 2009, Mr. Ray filed this, his Fourth Case.

**The Foreclosure Action**

In October 2006, Chase filed a foreclosure action in Suffolk County, New York, under Index No. 06-28809 (the "Foreclosure Action"). Mr. Ray is a named defendant in the Foreclosure Action. A Judgment of Foreclosure and Sale was entered on October 30, 2007 (the "Foreclosure Judgment"). Thereafter, Chase's efforts to hold a foreclosure sale were stayed, in part, by Mr. Ray filing his First Case, his Second Case,

and his Third Case.  On November 21, 2008, a foreclosure sale (the "Foreclosure Sale") was conducted in accordance with the Foreclosure Judgment, and Chase was the successful bidder.  A Referee's Deed in Foreclosure was executed and recorded in Suffolk County, New York in 2008.

## Analysis

The automatic stay is among the most basic of debtor protections under bankruptcy law.  Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition creates an automatic stay against "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case. " 11 U.S.C. § 362(a)(1).  It is well settled that "any proceeding or actions described in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect." *Rexnord Holdings, Inc. v. Biderman*, 21 F.3d 522, 527 (2d Cir. 1994) (citing *48th St. Steakhouse, Inc. v. Rockefeller Group, Inc.* (*In re 48th St. Steakhouse Inc.*), 835 F.2d 427, 431 (2d Cir. 1987), *cert. denied*, 485 U.S. 1035 (1988); *In re Vela*, No. 09-45134, 2009 WL 2882867 (Bankr. E.D.N.Y. 2009).

The automatic stay, however, is not without its limitations and exceptions.  When Congress passed the BAPCPA amendments to the Bankruptcy Code in 2005, several new provisions were added to address serial or multiple bankruptcy filers.  These amendments included a new Section 362(c)(3), which limits the duration of the automatic stay to the first thirty (30) days of a case in the following circumstances:

> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor *was pending within the preceding 1-year period but was dismissed,* other than a case refiled under a chapter other than chapter 7 after dismissal under section

707(b)[.]

11 U.S.C. §362 (2008) (emphasis added).

A debtor in this circumstance may obtain an extension of the automatic stay. However, to obtain such an extension, a debtor must demonstrate, after notice and hearing, that the filing of the instant action is in "good faith as to the creditors to be stayed." The hearing on a motion to extend the stay must be held within the first thirty (30) days of the case. Further, Section 362(c)(3)(C) provides that "a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)," and identifies two broad categories of potential creditors as to which a debtor must rebut this presumption.

Under Section 362(c)(4), if an individual debtor has been a debtor in two (2) or more cases prior to filing a new case, which prior cases were dismissed prior to the new case, the automatic stay does not go into effect in the new case, unless one of the prior cases was a case refiled because of a dismissal under § 707(b). A debtor in those circumstances must file a motion seeking to impose the automatic stay and have a hearing held on such a motion within the first thirty (30) days after filing the new case. Section 362(c)(4)(B). In that event, the new case is presumptively filed not in good faith, which presumption debtor may overcome by clear and convincing evidence. Section 362(c)(4)(D).

The first issue here, therefore, is whether the stay was in effect at the time of the Foreclosure Sale. This Court concludes it was not. The stay had expired in Mr. Ray's Third Case prior to the referee advertising the Foreclosure Sale, and prior to the Foreclosure Sale being conducted. Mr. Ray's Second Case was dismissed on June 3, 2008. His Third Case was filed on August 4, 2008, less than one year later. Because

Mr. Ray never sought to extend the stay in his Third Case, the stay expired on September 3, 2008,and was not in effect at the time the Foreclosure Sale was held on November 21, 2008, nor was the stay in effect when the notices of sale were published as directed by the state court in October and November 2008.  Therefore, the Foreclosure Sale was not held in violation of the stay.

In this, his Fourth Case, however, the stay is in effect until modified by this Court. The instant case represents a second bankruptcy filing by Mr. Ray within one year following the closing of his Third Case, but more than one year after each of his First and Second Cases were dismissed.  However, in his Third Case, which was filed under Chapter 7, Mr. Ray received a discharge.  Section 362(c)(3)(B) does not apply where the Debtor received a discharge in a Chapter 7 case, even if that case is closed less than one (1) year before the filing of a subsequent present case.  *In re Forletta*, 397 B. R. 242 (Bankr. E.D.N.Y. 2008); *In re Williams*, 390 B. R. 780 (Bankr. S.D.N.Y. 2008).

Therefore, while the stay went into effect when this case was filed, and the stay remained in effect after the first thirty days expired, this Court has determined that the stay should be modified because Chase is now the owner of the Property, and as such, it  is entitled to exercise its state law remedies.  Because Mr. Ray does not own the Property, he has no equity in the Property, pursuant to § 362(d)(2)(A).  As this is a Chapter 7 case, the Property is not necessary to an effective reorganization, pursuant to § 362(d)(2)(B).

## **Conclusion and Order**

The automatic stay in effect pursuant to § 362 is hereby modified as to Chase, such that Chase may take any all action under applicable state law to exercise its remedies with respect to the Property, including continuation of the eviction action.



Dated: November 25, 2009
     Central Islip, New York

_____
**Alan S. Trust**
**United States Bankruptcy Judge**

**Service List:**

Henry H. Ray
170 Burrs lane
Dix Hills, NY 11746

Richard L. Stern
Chapter 7 Trustee
Macco & Stern, LLP
135 Pinelawn Rd.  - Suite 120 South
Melville, NY 11747

Marin L. Buczkowski, Esq.
Steven J. Baum PC
900 Merchants Concourse - Suite 412
Westbury, NY 11590